```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION
```

**CURTIS DEWAYNE COVINGTON,**    )
                                 )
        Plaintiff,    )
                                 )
     v.                         )    No. 1:05CV116(TCM)
                                 )
**TOMMY GREENWELL, et al.,**      )
                                 )
        Defendants.   )

### ORDER AND MEMORANDUM

     This matter is before the Court upon the applications of Curtis Dewayne Covington (registration no. 534915), an inmate at the Eastern Reception and Diagnostic Center (ERDC), and Kelvin Moore, an inmate at the Pemiscot County Jail, for leave to commence this action without payment of the required filing fee [Docs. #2 and #6].  The Court notes, however, that neither has signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure.  Therefore, the Court will direct the applicants to submit a signed copy of the complaint.

### 28 U.S.C. § 1915(b)(1)

     Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period.  See 28 U.S.C.

§ 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant Covington has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of this applicant's account statement indicates an average monthly deposit of $32.00, and an average monthly account balance of $70.79. Applicant Covington has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.16, which is 20 percent of applicant's average monthly balance.

Applicant Moore has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of this applicant's account statement indicates an average monthly deposit of $34.83, and an average monthly account balance of $18.72. Applicant Moore has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.96, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may

dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiffs seek injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights while confined at the Pemiscot County Justice Center. Tommy Greenwell and Brad Swims are named as defendants.

### Discussion

Plaintiff Covington's claims that defendants Greenwell

and Swims denied him adequate medical care, and plaintiffs claims that they were denied adequate meals and adequate exercise in violation of the eighth amendment survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that the defendants reply to these claims.

Plaintiffs' claim that they were denied access to a law library, however, should be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B). Plaintiffs' complaint fails to allege the lack of access to a law library caused them to suffer actual prejudice to a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiffs' claim that there are no case workers, no weekday visits (only weekend visits), no radios, and no juice, honey, ice cream, tuna, mackrel, sandwich spread, or jalapeno peppers for sale in the commissary also should be dismissed because these allegations do not rise to the level of a constitutional violation.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. #2 and #6] are **GRANTED**. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Clerk shall return a copy of the complaint to each plaintiff for the purpose of obtaining the plaintiffs' original signatures thereon.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this order, plaintiffs shall submit a signed copy of

the instant complaint to the Court.

**IT IS FURTHER ORDERED** that if plaintiffs fail to submit signed copies of the complaint to the Court within the time specified, then the instant action will be dismissed.

**IT IS FURTHER ORDERED** that the plaintiff Covington shall pay an initial partial filing fee of $14.16 within thirty (30) days from the date of this order.  Plaintiff Covington is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the plaintiff Moore shall pay an initial partial filing fee of $6.96 within thirty (30) days from the date of this order.  Plaintiff Moore is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiffs fail to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Greenwell and Swims.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the

time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 8th day of December, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**